**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4098

ALBERT ANTHONY WHITE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Henry C. Morgan, Jr., District Judge.
(CR-98-36)

Submitted: September 30, 1999

Decided: October 14, 1999

Before NIEMEYER, HAMILTON, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen King Smith, Hampton, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Kevin M. Comstock, Assistant United
States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Albert Anthony White appeals his convictions and sentence for possession with intent to distribute cocaine and heroin in violation of 21 U.S.C. § 841(a)(1) (1994). On appeal, White contends that: (1) there was insufficient evidence to sustain his convictions; (2) the district court abused its discretion in finding that the Government established a chain of custody for the cocaine and heroin admitted at trial; (3) the court erroneously found that White committed perjury and provided false information to the probation officer and enhanced White's sentence for obstruction of justice under U. S. Sentencing Guidelines Manual § 3C1.1 (1997). We have reviewed the parties' briefs, the record, and the applicable law, and affirm.

We find that, viewing the evidence in the light most favorable to the Government, there was sufficient evidence to sustain White's convictions for possession with intent to distribute cocaine and heroin in violation of 21 U.S.C. § 841(a)(1). See Glasser v. United States, 315 U.S. 60, 80 (1942). Although law enforcement officers did not find items normally associated with distribution in White's possession at the time of his arrest, the significant quantity of cocaine and heroin they recovered permitted the inference that White possessed the narcotics with an intent to distribute. See United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990); see also United States v. Bell, 954 F.2d 232, 235 (4th Cir. 1992) (concluding that 13.5 grams of crack cocaine was a sufficient quantity to support an inference of intent to distribute); United States v. Blake, 484 F.2d 50, 57-58 (8th Cir. 1973) (finding that 14.3 grams of heroin with a street value of $4200 sufficient to infer intent to distribute).

Furthermore, we find that the district court did not abuse its discretion in finding that the Government established a legally sufficient chain of custody for the authentication of the heroin and cocaine, and therefore, the court did not err in admitting that evidence. See United States v. Howard-Arias, 679 F.2d 363, 366 (4th Cir. 1982). We also conclude that the court did not err in finding that White obstructed justice by perjuring himself at trial and by providing false information

2

to the probation officer. Thus, the court properly enhanced White's sentence based upon those findings. <u>See</u> USSG§ 3C1.1.

Accordingly, we affirm White's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

<u>AFFIRMED</u>

3